NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0208n.06

Case No. 22-3826

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 02, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JULIE A. PETTIT, | ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| Defendant-Appellee. | ) ) | OPINION |

Before: SUTTON, Chief Judge; BOGGS and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Julie Pettit suffered from a host of ailments, including migraine headaches. She applied for benefits under the Social Security Act, but her application was denied. After an administrative appeal, Pettit pressed her claims in federal district court. Yet she would fare no better. Following a magistrate judge's recommendation, the district court affirmed the Commissioner of Social Security's claim denial. On appeal, we affirm.

**I.**

Julie Pettit applied for Supplemental Security Income and Disability Insurance Benefits. She claimed her ability to work was limited by a number of maladies, especially a migraine disorder. Eventually, her case was heard by an Administrative Law Judge. At the hearing, Pettit testified that she had about "12 to 16 headaches a month." And those headaches, she said, "last[ed] anywhere from 4 to 27 hours in duration." All she could do during those periods, she explained, was lie down and "do nothing."

Following the hearing, the ALJ concluded that Pettit was not disabled and denied her application. The ALJ understood Pettit's headaches to be decreasing in frequency and found "sparse evidence" of any "significant symptoms" from the headaches. In so concluding, the ALJ found unconvincing a medical form completed by Pettit's neurologist that, as expressed by a single checkmark, indicated that Pettit was "likely to be absent from work" "[m]ore than four days per month."

Pettit sought review by the Social Security Administration's Appeals Council, but her request was denied. She then turned to federal court to challenge the denial of her claims. At the recommendation of a magistrate judge, the district court affirmed the Commissioner's decision denying Pettit's benefits request. This appeal followed.

## II.

Pettit challenges the ALJ's finding that she did not qualify for benefits from the Social Security Administration. Our review of the ALJ's determination on this front is quite limited. We must affirm the ALJ's conclusion unless the ALJ "failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quotation omitted). The "substantial-evidence standard" is not overly demanding. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It simply requires more than a "mere scintilla" of evidence, asking whether there is "relevant evidence" in the administrative record that a "reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

Much more than a scintilla of evidence supported the ALJ's assessment that Pettit was not disabled. The ALJ cited evidence from Pettit's treatment record indicating that her headaches occurred about twice a week, lasted two to four hours, and were "not intractable." This evidence

cast doubt on Pettit's own testimony that her headaches were far more debilitating. The ALJ likewise cited the views of two state agency medical consultants who concluded that Pettit's limitations, including those due to her migraine disorder, were not disabling. And the ALJ noted that Pettit's own neurologist was "not convinced that [Pettit's headaches] warrant[] disability." In sum, the ALJ adequately supported, with record citations, its views on Pettit's migraine disorder. *See Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020) (rejecting the need for "elaborate articulation of the ALJ's thought processes" (quotation omitted)).

Pettit reads the record differently. Primarily, she emphasizes the checkmark from her neurologist commenting on Pettit's unavailability for work. The ALJ, however, adequately took the mark into account. The ALJ noted that the mark lacked support in the neurologist's records, as the neurologist's own narrative remarks about Pettit, written the same day he checked the form, cast doubt on Pettit's disability status. The ALJ likewise found the checkmark evidence to be inconsistent with the record more generally. To be sure, other evidence in the record arguably supports the conclusion that Pettit would be absent from work for more than four days a month. But this is not the forum to relitigate the disability determination. So long as substantial evidence supports the ALJ's determination, we cannot engage in second guessing. *Id.*; *see also Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (explaining that whether potentially conflicting evidence exists is immaterial when substantial evidence supports an ALJ's determination). And here, the ALJ adequately articulated the view—supported by substantial evidence—that Pettit's headaches had improved to the point that she was not disabled.

Pettit also raises three purported legal errors made by the ALJ. The first is a variation on her factual arguments regarding the neurologist's report. Pettit contends that the ALJ failed to make the necessary "determination of disability" required of the Social Security Administration

when the ALJ simply cited the neurologist's bottom-line conclusion, expressed in the narrative comments, that Pettit was not disabled.  But, as already explained, this was not the sole piece of evidence relied upon by the ALJ.  Other parts of the record also cast doubt on the checkbox evidence, all leading to the ALJ's own determination as to Pettit's disability status.

Second, Pettit suggests that the ALJ failed to comply with Social Security Ruling 19-4p, which governs an ALJ's consideration of headache disorders.  But as Pettit never raised that argument in the district court, it is forfeited on appeal.  *See Puskas v. Delaware County*, 56 F.4th 1088, 1098 (6th Cir. 2023).

Finally, Pettit says that the ALJ failed to comply with 20 C.F.R. § 404.1520c by not explaining why the neurologist's views about Pettit's inability to work lacked support in the record and were inconsistent with the broader record.  As Pettit concedes in her reply brief, however, the ALJ did engage in a supportability and consistency discussion, as required by 20 C.F.R. § 404.1520c(a).  To the extent that Pettit's argument merely reframes her earlier argument that the ALJ's decision was superficial and lacked support in the record, we have already rejected that assertion.  *See Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 WL 17348838, at *2 (6th Cir. Dec. 1, 2022) (viewing the argument that the ALJ incorrectly applied 20 C.F.R. § 404.1520c as a "veiled attempt to have us reweigh the evidence").

## III.

We affirm the judgment of the district court.